UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROGER W. SHERMAN                                    CIVIL NO. 09-491 (PJS/JSM)

    Petitioner,

v.                                                  <u>REPORT AND RECOMMENDATION</u>

Warden M. CRUZ

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Roger W. Sherman's Petition for Writ of Habeas Corpus [Docket No. 1]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    FACTUAL BACKGROUND

Petitioner Roger W. Sherman ("Sherman") is serving a 42-month sentence, followed by three years of supervised release. <u>See</u> Declaration of Ann C. Kinyon ("Kinyon Decl.") ¶ 2, Attach. A (Public Information Data). Sherman was incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). <u>Id.</u> Sherman currently has a projected release date of January 30, 2010, via good conduct time release. <u>Id.</u>

Sherman was reviewed for halfway house placement on July 9, 2008, pursuant to the Second Chance Act of 2007. <u>See</u> Kinyon Decl. ¶ 7, Attach. B (Review for Residential Reentry Center, Second Chance Act of 2007). Staff at FPC-Duluth planned to make a recommendation to the Community Corrections Manager's Office that Sherman be given 150-180 days of Residential Reentry Center placement (referenced as "RRC" placement) and that this was a "sufficient duration to provide the greatest likelihood of successful integration into the community." <u>Id.</u> Based on this proposed recommendation for RRC

placement, it was anticipated that Sherman will transfer to a halfway house in approximately July 2009. See Kinyon Decl. ¶ 8, Attach. B

Sherman filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order from the Court directing the Bureau of Prisons ("BOP") to reconsider his designation to a RRC, so that he could receive RRC placement pursuant to 18 U.S.C. § 3621, starting on or before April 30, 2009. See Petition for Writ of Habeas Corpus ("Petition") at p. 12. Respondents opposed the Petition, arguing that it should be dismissed because he has not exhausted his administrative remedies, and alternatively, on grounds that Sherman has received the individualized assessment for RRC placement required by the Second Chance Act of 2007, the length of his stay in a RRC is within the BOP's discretion, and he was not eligible for the elderly offender pilot program or for compassionate early release. See Government Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at pp. 9, 11-13.

As of the date of this Report and Recommendation, Sherman had been placed in Community Corrections Management Office-Minneapolis ("CCM-Minneapolis"), a Residential Reentry Center. See Bureau of Prisons,http://www.bop.gov/iloc2/Inmate FinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber =12785-078.

## II. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of federal courts to deciding "cases" and "controversies." U.S. Const. art. III; Allen v. Wright, 468 U.S. 737, 750 (1984). "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." Keating v. Nebraska Public Power Dist., 562

F.3d 923, 927 (8th Cir. 2009) (citation and marks omitted). "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotations omitted). Thus, if during the litigation intervening circumstances occur that render a court unable to grant the requested relief, then the case becomes moot, and court loses jurisdiction to hear the case. See Calderon v. Moore, 518 U.S. 149, 150 (1996).

Petitioner has been transferred to an RRC. As such, Sherman's claims under § 3621 are moot because there is no effective relief that this Court can provide. See Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (finding that claims by inmates who had been transferred to an RRC subsequent to filing appeal were moot because the relief they sought had been granted); Mickelson v. Holinka, No. 07-3243, 276 Fed. Appx. 527, 2008 WL 1931211 at *1 (8th Cir. May 05, 2008) (same). Therefore, this Court lacks jurisdiction to hear the action and the Petition should be denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that Roger W. Sherman's Petition for Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITH PREJUDICE**.

Dated: September 23, 2009

*s Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

3

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties on or before **October 12, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.